NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**06-1030**

CELIA JANE CURETON

VERSUS

JAMES HOWARD CURETON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-3675
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and J. David Painter, Judges.

**WRIT DENIED.**

**Cooks, J., dissents and assigns reasons.**

James Buckner Doyle
Attorney at Law
P. O. Box 5241
Lake Charles, LA 70606-5241
(337) 474-9989
Counsel for Defendant-Applicant:
James Howard Cureton

Henry R. Liles
Liles & Redd
P. O. Box 3717
Lake Charles, LA 70602-3717
(337) 433-8529
Counsel for Plaintiff-Respondent:
Celia Jane Cureton

**Pickett, Judge.**

Upon review of the record, and consideration of counsels' arguments, we conclude there is no error in the ruling of the trial court.

**WRIT DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1030

CELIA JANE CURETON

VERSUS

JAMES HOWARD CURETON

**COOKS, J., dissents.**

I respectfully dissent from the writ denial which found no error in the judgment of the trial court. Calcasieu Parish assigns domestic and juvenile matters exclusively to only two judges in the district, in effect granting them exclusive jurisdiction over these cases. As authority for this method of assigning cases, Calcasieu Parish relies on La.R.S. 13:587, which provides as follows:

> A. The judges of the Fourteenth Judicial District Court may, by rule adopted by a majority vote of the judges sitting en banc, designate and assign to one or more divisions of the court any or all types of juvenile matters of which the court has jurisdiction and any or all types of domestic relations matters of which the court has jurisdiction.

I am convinced that Calcasieu Parish's method of assignment, which effectively limits the jurisdictional authority of the remaining elected judges, violates Louisiana Constitution Article V, Section 16(A), which grants *general jurisdiction over all cases, including juvenile and domestic, to all elected judges* in the district. Louisiana Constitution Article V, Section 16(A) provides as follows:

> Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.

While the legislature may create family and juvenile courts within a district, no such court has been created in Calcasieu Parish and the Parish may not rely on

La.R.S. 13:587 to limit the jurisdictional authority of a district or city court judge over juvenile matters. Honorable Charles Schrumpt, city court judge in Sulphur sought an opinion from the Louisiana Attorney General as to whether La.R.S. 13:587 limits his authority to hear juvenile cases. In an opinion rendered October 20, 2006, the Louisiana Attorney General stated:

> This office is in receipt of your opinion request wherein you made the following inquiry:
>
> 1) Can Sulphur City Court exercise jurisdiction over juvenile matters?
>
> Both the Louisiana Constitution and the Louisiana Children's Code expressly provide for the administration of jurisdiction over juvenile matters. Generally, district, parish, or city courts will have jurisdiction over juvenile matters, unless a special juvenile court has been created by law. In that case, the juvenile court, which has been created, has exclusive jurisdiction over matters involving juveniles. Article 302(1) of the Children's Code expressly recognizes only four such juvenile courts that have been created.
>
> La.R.S. 13:587, Juvenile and Domestic Relations Division, is of particular concern regarding this issue because it states in part that the judges of the Fourteenth Judicial District Court may designate and assign to one or more **divisions** of the court any or all types of juvenile matters of which the court has jurisdiction. This statute, however, does not expressly or implicitly designate the creation of a juvenile court such as those mentioned in La. Ch. C. 302(1) within Calcasieu Parish.
>
> It is the opinion of this office that Sulphur City Court has not been divested of jurisdiction over juvenile matters by La.R.S. 13:587.
>
> The Louisiana Constitution and the Louisiana Children's Code expressly vest jurisdiction with city courts, unless a juvenile court has been created by law. No such court has been created in Calcasieu Parish. The only parishes for which the legislature has granted permission to create juvenile courts are Caddo, Orleans, Jefferson, and East Baton Rouge, as expressly evidenced by La.Ch.C. art 302(1).
>
> In conclusion, it is the opinion of this office that district, parish, or city courts outside of the territorial jurisdiction of Caddo, Orleans, Jefferson, and East Baton Rouge Parishes have authority to exercise jurisdiction over juvenile matters within its respective jurisdiction.

Op.Atty.Gen., No. 06-0203 (October 20, 2006).

Absent a legislatively created domestic and juvenile court, Calcasieu Parish may not strip a duly elected judge of his constitutional jurisdictional authority to hear domestic and juvenile cases. Moreover, the practice in Calcasieu Parish of manipulating the assignment of certain types of cases to particular judges is specifically prohibited by Louisiana Code of Civil Procedure Article 253.1.

> All pleadings filed shall be randomly assigned to a particular section or division of the court by either of the following methods:
>
> (1) By drawing indiscriminately from a pool containing designations of all sections or divisions of court in the particular jurisdiction in which the case is filed.
>
> (2) By use of a properly programmed electronic device or computer programmed to randomly assign cases to any one of the sections or divisions of court in the particular jurisdiction in which the case is filed.

The Louisiana Supreme Court has held "that transfers that permit judges to circumvent the random allotment process to funnel particular types of cases to one judge violates the spirit and purpose of La.Code Civ. Proc. art. 253.1." *State v. Sprint Communications Company, L.P.*, 96-3094 (La. 9/9/97), 699 So.2d 1058, 1062.

I respectfully submit Calcasieu Parish's method of designating particular types of cases to only two judges within the district violates the Louisiana Constitution Article V, Section 16(A) and La.Code Civ.Proc. art. 253.1.